IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:*<br><br>NEWPAGE CORPORATION, *et al.*,[1]<br><br>Reorganized Debtors.  | Chapter 11<br><br>Case No. 11-12804 (KG)<br><br>Jointly Administered |
| PIRINATE CONSULTING GROUP LLC, AS LITIGATION TRUSTEE OF THE NP CREDITOR LITIGATION TRUST,<br><br>PLAINTIFF,<br><br>VS.<br><br>DEFENDANTS LISTED ON <u>SCHEDULES 1</u> AND <u>2</u> ATTACHED HERETO. | Adv. No.: *See* <u>Schedules 1</u> and <u>2</u><br><br>RE: D.I. 4343 |

**ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS WITH TOTAL AMOUNT IN CONTROVERSY GREATER THAN $75,000 COMMENCED BY LITIGATION TRUSTEE PURSUANT TO SECTIONS 502, 547 AND 550 OF THE BANKRUPTCY CODE**

Upon the *Motion Of Litigation Trustee For Orders Establishing Streamlined Procedures Governing Adversary Proceedings Commenced By Litigation Trustee Pursuant To Sections 502, 547 And 550 Of The Bankruptcy Code* (the "<u>Procedures Motion</u>")[2] dated September 13, 2013,

---

[1]  The Reorganized Debtors in these Chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, as applicable, are: Chillicothe Paper Inc. (6154), Escanaba Paper Company (5598), Luke Paper Company (6265), NewPage Canadian Sales LLC (5384), NewPage Consolidated Papers Inc. (8330), NewPage Corporation (6156), NewPage Energy Services LLC (1838), NewPage Group Inc. (2465), NewPage Holding Corporation (6158), NewPage Port Hawkesbury Holding LLC (8330), NewPage Wisconsin System Inc. (3332), Rumford Paper Company (0427), Upland Resources, Inc. (2996), and Wickliffe Paper Company LLC (8293). The Reorganized Debtors' corporate headquarters is located at 8540 Gander Creek Drive, Miamisburg, OH 45342.

[2]  Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them as in the

1

filed by PIRINATE Consulting Group LLC, Litigation Trustee (the "Litigation Trustee" or the "Plaintiff") of the NP Creditor Litigation Trust, (the "Litigation Trust"), seeking entry of a procedures order (the "Procedures Order"), pursuant to sections 102(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), establishing streamlined procedures governing all adversary proceedings with total amount in controversy greater than $75,000 brought by the Litigation Trustee under sections 502, 547, 548 and 550 of the Bankruptcy Code, which are identified in Schedules 1 and 2 annexed hereto (the "Avoidance Actions") , all as more fully set forth in the Procedures Motion; and it appearing that the Court has jurisdiction to consider the Procedures Motion and the relief requested therein; and due notice of the Procedures Motion having been provided; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor; it is hereby **ORDERED** that:

1. The Motion is GRANTED.

2. The procedures governing all parties to the Avoidance Actions are as follows:

A. Effectiveness of the Procedures Order

   i. This Procedures Order approving the Procedures Motion shall apply to all Defendants in the Avoidance Actions identified on Schedules 1 and 2 hereto.[3] To the extent a party is subject to this Procedures Order as well as the Procedures Order covering those cases with an amount in controversy less than or equal to $75,000 in connection with another Avoidance Action so requests, the parties shall meet and confer to decide whether the actions should proceed under one procedures order or the other. **This request must be made within 30 days of the entry of this Procedures Order, or**

---

Procedures Motion.

[3] This Procedures Order pertains only to the Avoidance Actions identified in Schedules 1 and 2 annexed hereto. After entry of this Procedures Order, additional avoidance actions filed by the Plaintiffs related to the underlying bankruptcy and which have a total amount in controversy greater than $75,000, shall be subject to the same conditions stated herein. The parties will file, under certification of counsel, a scheduling order which conforms to the same format but which contains extended deadlines as necessary.

> **said request is deemed waived.** If an agreement cannot be made, the parties may apply to the Court for resolution.

    ii.    This Order will not alter, affect or modify the rights of Defendants to seek a jury trial or withdraw the reference, or otherwise move for a determination on whether the Court has authority to enter a final judgment, or make a report and recommendation, in an adversary proceeding under 28 U.S.C. § 157, and all such rights of the Defendants shall be preserved unless otherwise agreed to in a responsive pleading.

B.    <u>Extensions to Answer or File Other Responsive Pleading to the Complaint</u>

    i.    The time to file an answer or other responsive pleading to a complaint filed in an Avoidance Action shall be extended by 60 days such that an answer or other responsive pleading is due within 90 days after the issuance of the summons rather than 30 days after the issuance of the summons.

C.    <u>Waiver of Requirement to Conduct Scheduling Conference</u>

    i.    Federal Rule of Civil Procedure 26(f), made applicable herein pursuant to Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/ discovery plan), is hereby waived and is not applicable to the Avoidance Actions. Thus, the parties to the Avoidance Actions shall not be required to submit a written report as may otherwise be required under Federal Rule of Civil Procedure 26(f).

D.    <u>Discovery and Mediation Schedule</u>

    i.    In accordance with Bankruptcy Rule 7026(a)(1), the disclosures required under such Rule (the "<u>Initial Disclosures</u>") shall be made by the later of 30 days after: (1) the date an answer to a complaint is filed in an Avoidance Action or (2) this Procedures Order is entered on the docket of this Court.

    ii.    The parties to the Avoidance Actions shall have through and including August 15, 2014 to complete non-expert fact discovery, including depositions of fact witnesses.

    iii.    Except as set forth herein, all written interrogatories, document requests and requests for admission, if any, may be served upon the adverse party any time after the service of Initial Disclosures or in conjunction with the service of the Initial Disclosures. All written interrogatories, document requests and requests for admission, if any, must be served upon the adverse party no later than June 1, 2014.

    iv.    The standard provisions of Federal Rule of Civil Procedure 33, made applicable herein pursuant to Bankruptcy Rule 7033, shall apply to the

|      |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                      |
|------|------|

        Avoidance Actions. Responses to interrogatories are due 60 days after service.

v.      The standard provisions of Federal Rule of Civil Procedure 34, made applicable herein pursuant to Bankruptcy Rule 7034, including F.R.C.P. 34(b)(2)(E) regarding production of electronically stored information and Local Rule 7026-3, shall apply to the Avoidance Actions. Document production and responses to document requests are due 60 days after service.

vi.     The standard provisions of Federal Rule of Civil Procedure 36, made applicable herein pursuant to Bankruptcy Rule 7036, shall apply to the Avoidance Actions. Responses to requests for admission are due 60 days after service.

vii.    Should a discovery dispute arise, the complainant shall file with the Court a letter outlining said issues and forward a copy to chambers. Respondent must reply within two (2) business days. The letter, excluding exhibits, shall be no longer than two (2) pages. The Court shall then inform the parties if it will require a conference call or formal motion.

viii.   Any open Avoidance Actions that have not been resolved and/or settled by August 15, 2014 (the "Remaining Avoidance Actions"), shall be referred to mediation. Upon mutual agreement of the parties to any Avoidance Action, mediation may be conducted prior to May 15, 2014.

ix.     Between August 16, 2014 and August 31, 2014, Defendants in the Remaining Avoidance Actions shall choose a mediator from the list of proposed mediators (the "Mediators") qualified to handle these types of Avoidance Actions and are listed in the Register of Mediators and Arbitrators Pursuant to Local Rule 9019-4 (the "Mediator List"), attached to the Procedures Motion as Exhibit "D" and as supplemented pursuant to the order approving the Procedures Motion. Concurrently, Defendants in the Remaining Avoidance Actions shall notify Plaintiff's counsel of the Defendant's choice of Mediator by contacting Plaintiff's counsel as indicated on Schedules 1 or 2. If a Defendant in a Remaining Avoidance Action does not timely choose a Mediator from the Mediator List and notify Plaintiff's counsel of the same, Plaintiff will assign such Remaining Avoidance Action to one of the Mediators from the Mediator List.

x.      Upon notification of such selection or assignment, the selected Mediator shall have an opportunity to run conflict checks on the Defendant(s) and, in the event of a conflict, may abstain from acting in that particular mediation.

xi.     On September 2, 2014, Plaintiff, working with the Mediators, will commence scheduling mediations. Each Mediator will provide to Plaintiff

the dates on which the Mediator is available for mediation and the parties shall cooperate with the Mediators and each other regarding the scheduling of mediations. Plaintiff's counsel shall contact Defendant or Defendant's counsel with a list of proposed dates for mediation provided by the Mediator. Mediation will then be scheduled on a first-come, first-served basis.

xii. Plaintiff will give at least 21 days written notice of the first date, time and place of the mediation in each Remaining Avoidance Action (the "Mediation Notice"), which notice shall be filed on the docket of such proceeding.

xiii. Within 7 calendar days after the conclusion of the mediation, the Mediator shall file a report (the "Mediator's Report") in the Remaining Avoidance Action, which shall be limited to stating only whether the Remaining Avoidance Action settled or did not settle.

xiv. All mediations of the Remaining Avoidance Actions must be concluded by March 1, 2015.

xv. Should mediation fail to resolve a Remaining Avoidance Action, pursuant to Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports of the parties' case-in-chief experts, if any, shall be made to the adverse party within 30 days after the Mediator's Report is filed.

xvi. Pursuant to Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports of the parties' rebuttal experts, if any, shall be made to the adverse party within 60 days after the Mediator's Report is filed.

xvii. All expert discovery, including expert witness depositions, shall be concluded the earlier of 120 days after the Mediator's Report is filed or on June 1, 2015.

xviii. The standard provisions of Federal Rule of Civil Procedure 26(e), made applicable herein pursuant to Bankruptcy Rule 7026, shall apply to the Avoidance Actions with respect to supplementation of discovery responses.

E. Mediation Procedures and Requirements

i. Because the Remaining Avoidance Actions are proceedings before this Court, Delaware is the proper forum for mediation. Local Rule 9019-5 and the Court's mediation order, *Delaware Bankruptcy Court General Order re Procedures in Adversary Proceedings*, dated April 7, 2004, as amended April 11, 2005 (establishing mediation procedures for all adversary

    proceedings), shall govern the mediations, except as otherwise set forth herein.

ii.     The Mediators shall be required to file disclosures prior to the scheduling of mediation. Local Rule 9019-2(E)(iii)(B) shall apply.

iii.     The parties in each Remaining Avoidance Action will participate in the mediation, as scheduled and presided over by the chosen Mediator, in good faith and with a view toward reaching a consensual resolution. At least *one counsel for each party and a representative of each party having full settlement authority* shall attend the mediation in person *except* that, a Mediator, in his or her discretion, by request of one of the parties may allow a party representative to appear telephonically, and except where the parties otherwise agree. **Any such request to appear telephonically must be made prior to ten (10) business days before the scheduled mediation date, or Defendant is deemed to waive such request.** To the extent a Mediator grants a party's request to appear telephonically, the requesting party is responsible for arranging for and paying any fees associated with teleconference services. Should a dispute arise regarding a Mediator's decision on whether to allow a party representative to appear telephonically rather than in person, a party may apply to the Court, in advance of the mediation, by sending a letter outlining said issues to chambers. The Court may then schedule a conference call to address the issues.

iv.     The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations, and the rules of evidence will not apply. Each Mediator may implement additional procedures which are reasonable and practical under the circumstances.

v.     The Mediator, in the Mediation Notice (by language provided to Plaintiff by the Mediator) or in a separate notice that need not be filed, may require the parties to provide to the Mediator any relevant papers and exhibits, a statement of position, and a settlement proposal. In the Mediator's discretion, upon notice (which need not be filed), the Mediator may adjourn a mediation or move a mediation to a different location within the same jurisdiction The Mediator may also continue a mediation that has been commenced if the Mediator determines that a continuation is in the best interest of the parties.

vi.     Upon notice and a hearing, a party's failure to appear at the mediation or otherwise comply with this Procedures Order with respect to mediation, may result in a default judgment being obtained against the Defendant or dismissal of the action. The Mediator shall promptly file with the Court a notice when any party fails to comply with the mediation provisions set forth in this Procedures Order.

vii. The fees of the Mediator shall be paid by Plaintiff on a per case basis. The Mediator's fees shall be fixed as follows:

    a. cases with a claim amount (as reflected in the complaint) of less than $250,000: $3,000.00 per case plus reimbursement of reasonable out-of-pocket expenses;

    b. cases with a claim amount (as reflected in the complaint) equal to or greater than $250,000 and less than $1,000,000: $4,000 per case plus reimbursement of reasonable out-of-pocket expenses; and

    c. cases with a claim amount (as reflected in the complaint) equal to or greater than $1,000,000: $6,000 per case plus reimbursement of reasonable out-of-pocket expenses.

viii. Plaintiff shall pay one-fourth of the Mediator's fee at least 7 calendar days before the commencement of mediation (the "Pre-Mediation Fee"). If the parties settle prior to mediation ("Pre-Mediation Settlement"), the Mediator must be informed of the settlement prior to 7 calendar days before the scheduled mediation, or the Pre-Mediation Fee is entirely non-refundable. If the Mediator is notified of a Pre-Mediation Settlement more than 7 days prior to the scheduled mediation, the Plaintiff shall reimburse the Mediator for documented reasonable fees, costs and expenses incurred in connection with the mediation, provided, that, such reimbursable fees, costs and expenses do not exceed the applicable Pre-Mediation Fee.

ix. Mediation that is continued for more than one calendar day will be continued on an hourly fee basis at the rate of $500.00 per hour to be paid by Plaintiff.

x. Affiliated Defendants that have multiple Avoidance Actions in the underlying bankruptcy cases against them may mediate all related Avoidance Actions at one time. The Mediator's fees will be based upon the combined total claim amount for all related Avoidance Actions.

xi. Mediation statements are due seven (7) calendar days prior to the mediation to the Mediator. The Mediator will direct the parties as to further instructions regarding the distribution parties of the mediation statements.

xii. Without the prior consent of both parties, no Mediator shall mediate a case in which he/she or his/her law firm represents a party. If a Mediator's law firm represents any Defendant in the Avoidance Actions, then: (a) such Mediator shall not personally participate in the representation of that Defendant; (b) the law firm shall notate the file to indicate that the Mediator shall have no access to it; and (c) any discussions concerning the particular Avoidance Action by employees of the law firm shall exclude such Mediator. The Mediator's participation in mediation pursuant to this

7

     Procedures Order shall not create a conflict of interest with respect to the representation of such Defendants by the Mediator's law firm.

 xiii. The Mediator shall not be called as a witness by any party except as set forth in this paragraph. No party shall attempt to compel the testimony of, or compel the production of documents from, the Mediators or the agents, partners or employees of their respective law firms. Neither the Mediators nor their respective agents, partners, law firms or employees (a) are necessary parties in any proceeding relating to the mediation or the subject matter of the mediation, nor (b) shall be liable to any party for any act or omission in connection with any mediation conducted under this Procedures Order. Any documents provided to the Mediator by the parties shall be destroyed 30 days after the filing of the Mediator's Report, unless the Mediator is otherwise ordered by the Court. However, a Mediator may be called as witness by any party and may be compelled to testify and/or answer discovery on a limited basis in proceedings where it is alleged that a party failed to comply with mediation as is required in the foregoing paragraphs of this Procedures Order. Local Rule 9019-5(d) shall apply.

 xiv. All proceedings and writing incident to the mediation shall be privileged and confidential, and shall not be reported or placed in evidence. Local Rule 9019-5(d) shall apply.

F. <u>Avoidance Actions Initial Pretrial Conference and Status Conferences</u>

 i. The initial pretrial conference shall have been deemed to be held on November 13, 2013 at 2:00 p.m. (ET). Thereafter, except as otherwise ordered by the Court, the pretrial conference shall be adjourned quarterly status conferences. All matters concerning any Avoidance Actions shall be heard only at status conferences before the Honorable Kevin Gross (collectively, the "<u>Avoidance Actions Status Conferences</u>"), at which there may be status conferences, final pre-trial conferences and hearings on motions, if any.

 ii. Defendants are not required to appear at any Avoidance Actions Status Conference unless: (a) a motion pertaining to the Defendant's Avoidance Action is calendared to be considered at the Avoidance Actions Status Conference; or (b) the Court has directed the Defendant to appear and Plaintiff has provided 5 days' prior written notice by email, facsimile transmission or overnight courier to the Defendant or its counsel of its need to appear at an Avoidance Actions Status Conference. To the extent a Defendant wishes to appear at an Avoidance Actions Status Conference, the Defendant or its counsel must notify Plaintiff's counsel of the same, in writing, 5 days' prior to said hearing so that Plaintiff may properly prepare to address any issues or concerns at the Avoidance Actions Status Conference or in advance thereof.

      iii.    Unless the Court orders otherwise, all motions, pleadings, requests for relief or other materials that purport to set a hearing on a date or time other than an Avoidance Actions Status Conference shall automatically, and without Court order, be scheduled to be heard at the next Avoidance Actions Status Conference that is at least 30 calendar days after such motion, pleading, request for relief or other materials are filed and served.

      iv.    Plaintiff shall file a report one week prior to each Avoidance Actions Status Conference setting out the status of each of the Avoidance Actions and shall contemporaneously deliver a copy of the report to the Court's chambers.

      v.    If, after all discovery has been completed in an Avoidance Action, mediation has concluded but was not successful, the parties to the applicable Avoidance Action shall so inform the Court at the next scheduled Avoidance Actions Status Conference. At such time, the Court will address additional issues arising subsequent to this Procedures Order, set additional deadlines, if necessary, establish dispositive motion deadlines, a due date by which the parties must file a joint pretrial order, and schedule a trial on the Avoidance Action that is convenient to the Court's calendar.

G.    <u>Other Procedures</u>

      i.    The Local Rules for the United States Bankruptcy Court for the District of Delaware shall apply, except that this Procedures Order shall control with respect to the Avoidance Actions to the extent of any conflict with other applicable rules and orders.

      ii.    Any provision contained in this Procedures Order may be extended and/or modified by the Court upon written motion and for good cause shown or consent of the parties pursuant to stipulation, which stipulation needs to be filed with the Court under certification of counsel.

      iii.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Procedures Order.

Dated: Wilmington, Delaware
      Oct. 16, 2013

KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE